UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

KESHIA MARIE LEE,

          Debtor.

_____/

Case No. 23-02044-swd
Hon. Scott W. Dales
Chapter 7

<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:    HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

*Pro se* chapter 7 debtor Keshia Marie Lee (the "Debtor") filed a Motion to Reconsider Order (ECF No. 42, the "Motion"), seeking relief from the court's Order for Relief from Stay in Favor of Community Promise Federal Credit Union (ECF No. 28, the "Stay Relief Order"). The Stay Relief Order authorized Community Promise Federal Credit Union (the "Credit Union") to exercise rights under applicable non-bankruptcy law regarding the Debtor's 2015 Mitsubishi Outlander (the "Outlander").

The Credit Union's proof of service establishes that the creditor served the motion for relief from stay upon the Debtor pursuant to Fed. R. Bankr. P. 7004(a)(9), and the docket shows that the court entered the Stay Relief Order without opposition on November 30, 2023. The docket also establishes that the Debtor filed a statement of intention with respect to the Outlander, proposing to enter into a reaffirmation agreement with the Credit Union, but failed to do so in time to prevent automatic stay relief under 11 U.S.C. § 362(h)(1)(B). Under the circumstances, the court will deny the Motion.

First, the Debtor did not offer any reason against granting relief from the automatic stay when the Credit Union first requested it (despite proper service),[1] and she offers no compelling reason in support of the current Motion.  Given the timing of the Motion --filed more than 14 days after entry of the Stay Relief Order -- the court regards Fed. R. Civ. P. 60(b) as applicable, under Fed. R. Bankr. P. 9024.  Other than stating that she did not receive notice of the Credit Union's motion until January, the Debtor made no showing, either in the Motion or during the hearing held on March 19, 2024, suggesting mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or voidness.[2]

Nor, for that matter, does the Motion bring the case within the Fed. R. Civ. P. 60(b)(6) residual clause for "any other reason that justifies relief," which the Sixth Circuit "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter*, 790 F.3d 693, 696–97 (6th Cir. 2015).  A trial court confronting a motion under the catchall provision weighs the policies of finality against the "incessant command of the court's conscience that justice be done in the light of all the facts." *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018) (quoting *McGuire v. Warden*, 738 F.3d 741, 750 (6th Cir. 2013)).  As explained below, nothing that the Debtor has called

---

[1] In entering the Stay Relief Order in the first place, the court properly relied on the Credit Union's proof of service and the resulting presumption of delivery. *Bratton v. Yoder (In re The Yoder Co.),* 758 F.2d, 1114, 1118 (6th Cir. 1985).

[2] The Debtor did not timely appear at the hearing to consider the Motion, although the Credit Union, the chapter 7 trustee, and the United States Trustee all appeared on time.  Because the Debtor did not timely appear, the court originally announced its intention to deny her Motion for failure to prosecute.  Later in the morning, however, the Debtor did appear, and the court recalled the matter, but the Credit Union's counsel had by then left the courtroom.  In addition to stating that she first heard about the Credit Union's request for relief from the automatic stay several weeks after the court entered the Stay Relief Order, she also indicated that when she filed her statement of intention to reaffirm the debt secured by the Outlander, she could not reaffirm it because she was unemployed and not receiving any income.  After listening to the Debtor, the court stated that it would take the matter under advisement and, if necessary, schedule another hearing at which the Credit Union could be present.  The court's resolution of the Motion today, however, renders immaterial any dispute about whether she received notice of the Credit Union's stay relief motion.  The court concludes that an additional hearing is unnecessary.

to the court's attention suggests any equitable traction, let alone the gravity required to upset the important role that principles of finality play in bankruptcy and other civil proceedings. Indeed, the chapter 7 trustee -- the person serving as the representative of the estate and the one duty-bound to preserve estate property -- took no action in response to the Credit Union's motion last fall, suggesting the absence of equity in the Outlander. For its party, the Credit Union has taken steps to recover the vehicle in reliance on the Stay Relief Order.

Moreover, the Debtor's Motion seems premised more on her misreading of the exemption statute than any equitable notion. Under the Bankruptcy Code, even exempt property remains "liable" to satisfy a debt secured by a valid and unavoidable lien. The Debtor has not offered any hint that the Credit Union's lien is avoidable or otherwise invalid. 11 U.S.C. § 522(c)(2).

Notwithstanding the Debtor's exemption and service arguments, the automatic stay lifted automatically by operation of § 362(h) when the Debtor failed to perform her statement of intention (by not timely entering into a reaffirmation agreement with the Credit Union) and the trustee declined to take steps to preserve the stay (and the Outlander's protections as estate property). *See* 11 U.S.C. §§ 362(h) and 521(a)(2). This makes the Credit Union's stay relief motion and the Stay Relief Order largely immaterial at this point.

From her own statements on the record confirming that she was unable to reaffirm the Outlander debt, the Debtor established the statutory predicate for automatic stay relief under § 362(h), irrespective of the Credit Union's earlier motion and whether the Debtor had notice of it. From the docket it plainly appears that she did not enter into a

reaffirmation agreement with the Credit Union "within 30 days after the first date set for the meeting of creditors under section 341(a)" or timely request an extension of that period. 11 U.S.C. § 521(a)(2).  No appeal to equity will move the court to disregard a statute, even a controversial statute that occasionally visits hardships on litigants.  *In re Smith*, 999 F.3d 452, 456 (6th Cir. 2021) (rejecting the idea that bankruptcy courts have equitable power to disregard Code provisions "when they lead to results that seem unfair").

For these reasons, the court will deny the Motion without requiring an additional hearing to accommodate the Debtor's untimely appearance yesterday.

Finally, in its response to the Motion, the Credit Union asks the court for help in repossessing the Outlander, a request the court will also deny.  If the court is correct in its application of § 362(h), that statute automatically removed the Outlander from the bankruptcy estate, ending the court's usual *in rem* jurisdiction over the vehicle.  Similarly, if the court is correct in denying the Debtor's Motion, its earlier decision to abstain (which the Stay Relief Order strongly implies if not simply expresses) supplies another jurisdictional reason to leave the parties to their state court rights and remedies, likely in the nature of replevin.  *See, e.g.*, M.C.R. 3.105 (Claim and Delivery).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 42) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Laura J.

Genovich, Esq., Sara E.D. Fazio, Esq., Kenneth Lau, Esq., and Keshia Marie Lee (by U.S. Mail).

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 20, 2024**



Scott W. Dales
United States Bankruptcy Judge